1
2
3
4                    UNITED STATES DISTRICT COURT
5                   NORTHERN DISTRICT OF CALIFORNIA
6
7    STEVEN WAYNE BONILLA,              Case Nos.  20-cv-04301-PJH
                                                   20-cv-04303-PJH
8                   Plaintiffs,                    20-cv-04304-PJH
9         v.                                       20-cv-04305-PJH
                                                   20-cv-04306-PJH
10                  Defendants.                    20-cv-04307-PJH
                                                   20-cv-04308-PJH
11                                                 20-cv-04309-PJH
                                                   20-cv-04310-PJH
12                                                 20-cv-04311-PJH
                                                   20-cv-04313-PJH
13                                                 20-cv-04315-PJH
14                                                 20-cv-04316-PJH
                                                   20-cv-04317-PJH
15                                                 20-cv-04318-PJH
                                                   20-cv-04319-PJH
16
17                                          **ORDER DISMISSING MULTIPLE
                                            CASES WITH PREJUDICE**
18

19        Plaintiff, a state prisoner, has filed multiple pro se civil rights complaints under 42

20   U.S.C. § 1983.  Plaintiff is a condemned prisoner who also has a pending federal habeas

21   petition in this court with appointed counsel.  *See Bonilla v. Ayers*, Case No. 08-0471

22   YGR.  Plaintiff is also represented by counsel in state court habeas proceedings.  *See In

23   re Bonilla*, Case No. 20-2986 PJH, Docket No. 1 at 7

24        In these civil rights cases plaintiff names as defendants' various federal judges,

25   state judges, municipalities and other court officials.  Plaintiff presents very similar claims

26   in all these cases.  He seeks relief regarding his underlying conviction or how his various

27   pro se habeas petitions and other cases were handled by the state and federal courts.

28        To the extent that plaintiff seeks to proceed *in forma pauperis* (IFP) in these cases,

he has been disqualified from proceeding IFP under 28 U.S.C. § 1915(g) unless he is "under imminent danger of serious physical injury" at the time he filed his complaint.  28 U.S.C. 1915(g); *In re Steven Bonilla*, Case No. 11-3180 CW; *Bonilla v. Dawson*, Case No. 13-0951 CW.

The allegations in these complaints do not show that plaintiff was in imminent danger at the time of filing.  Therefore, he may not proceed IFP.  Moreover, even if an IFP application were granted, his lawsuits would be barred under *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), *Younger v. Harris*, 401 U.S. 37, 43-54 (1971), *Demos v. U.S. District Court*, 925 F.2d 1160, 1161-62 (9th Cir. 1991) or *Mullis v. U.S. Bankruptcy Court*, 828 F.2d 1385, 1393 (9th Cir. 1987).  Accordingly, the cases are dismissed with prejudice.

Furthermore, these are not cases in which the undersigned judge's impartiality might be reasonably questioned.  *See United States v. Holland*, 519 F.3d 909, 912 (9th Cir. 2008) (absent legitimate reasons to recuse himself or herself, a judge has a duty to sit in judgment in all cases assigned to that judge).

The clerk shall terminate all pending motions and close these cases.  The clerk shall return, without filing, any further documents plaintiff submits in these closed cases.

**IT IS SO ORDERED.**

Dated: July 6, 2020

*/s/ Phyllis J. Hamilton*

PHYLLIS J. HAMILTON
United States District Judge

United States District Court
Northern District of California

2